## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş., <br><br>      **Plaintiff,** <br><br>   **v.** <br><br> UNITED STATES INTERNATIONAL TRADE COMMISSION, <br><br>      **Defendant,** <br><br>   **and** <br><br> UNITED STATES STEEL CORPORATION, et. al., <br><br>      **Defendant-Intervenors.** | **Court No. 22-00350** |

## <u>DEFENDANT'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM</u>

**RAVI D. SOOPRAMANIEN**
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3002
Facsimile: (202) 205-3111
ravi.soopramanien@usitc.gov

**MICHAEL K. HALDENTSTEIN**
Attorney-Advisor
Telephone: (202) 205-3041
michael.haldenstein@usitc.gov

**DOMINIC L. BIANCHI**
General Counsel
U.S. International Trade Commission

**ANDREA C. CASSON**
Assistant General Counsel for Litigation
Office of the General Counsel
Telephone: (202) 205-3105

*Attorneys for Defendant U.S. International Trade Commission*

**DATED:  May 18, 2023**

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ..........................................................................................................iii

I.      INTRODUCTION ....................................................................................................1

II.     FACTUAL BACKGROUND ....................................................................................1

III.    SUMMARY OF ARGUMENT .................................................................................8

IV.    ARGUMENT ............................................................................................................9

         A.     Standard of Review ......................................................................................9

                1.     Standard of Review Pursuant to USCIT Rule 12(b)(1) ..............................9

                2.     Standard of Review Pursuant to USCIT Rule 12(b)(6) ..............................9

         B.     Relevant Statutory Provisions ....................................................................10

         C.     Plaintiff's Complaint is Moot for Lack of an Ongoing Case or Controversy ................................................................................................12

         D.     In the Alternative, Plaintiff's Complaint Fails to State a Claim Upon Which Relief May be Granted ....................................................................17

V.      CONCLUSION......................................................................................................20

## **TABLE OF AUTHORITIES**

**Cases**                                                                 **Page(s)**

*3V, Inc. v. United States*,
    23 CIT 1047, 83 F. Supp. 2d 1351 (1999) ................................................................. 13

*Acrilicos v. Regan*,
    9 CIT 442, 617 F. Supp. 1082 (1985) ...................................................................... 13

*Air Line Pilots Ass'n Int'l v. UAL Corp.*,
    897 F.2d 1394 (7th Cir. 1990) ................................................................................. 13

*Am. Nat. Fire Ins. Co. v. United States*,
    30 CIT 931, 441 F. Supp. 2d 1275 (2006) ................................................................. 9

*Am. Permac, Inc. v. United States*,
    831 F.2d 269 (Fed. Cir. 1987) ................................................................................. 19

*Am. Spring Wire Corp. v. United States*,
    6 CIT 122, 569 F. Supp. 73 (1983) .......................................................................... 13

*Arpaio v. Obama*,
    797 F.3d 11 (D.C. Cir. 2015) .................................................................................. 10

*Asahi Seiko Co., Ltd. v. United States*,
    33 CIT 1693 (2009) ................................................................................................ 10

*Avesta AB v. United States*,
    12 CIT 493, 689 F. Supp. 1173 (1988) ..................................................................... 19

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................... 9, 10

*Borusan Mannesmann Boru Sanayi ve Ticaret A.S.  v. United States*,
    38 CIT 813, 986 F. Supp. 2d 1381 (2014) ................................................................. 9

*CR Indus. v. United States*,
    10 CIT 561 (1986) .................................................................................................... 9

*DeFunis v. Odegaard*,
    416 U.S. 312 (1974) .................................................................................... 12, 13, 14

*Eregli Demir ve Çelik Fabrikalari T.A.S. v. United States*,
    No. 20-2003, Mandate Order (Fed. Cir. June 4, 2021) ................................................ 4

*Eregli Demir ve Çelik Fabrikalari T.A.S. v. United States*,
    No. 20-1999, Mandate Order (Fed. Cir. Dec. 18, 2020) .......................................... 3, 4

## <u>TABLE OF AUTHORITIES (cont'd)</u>

**Cases (cont'd)**                                                                          **Page(s)**

*Eregli Demir ve Çelik Fabrikalari T.A.S. v. United States*,
    435 F. Supp. 3d 1378 (Ct. Int'l Trade 2020) ...........................................................................3

*Eveready Battery Co., Inc. v. United States*,
    23 CIT 896, 77 F. Supp. 2d 1327 (1999)........................................................................ *passim*

*Fifth Third Bancorp v. Dudenhoeffer*,
    573 U.S. 409 (2014)...........................................................................................................10

*Gulf Coast Mar. Supply, Inc. v. United States*,
    867 F.3d 123 (D.C. Cir. 2017)...........................................................................................10

*Henke v. United States*,
    60 F.3d 795 (Fed. Cir. 1995)..............................................................................................10

*Honig v. Doe*,
    484 U.S. 305 (1988)...........................................................................................................12

*Husteel Co., Ltd. v. United States*,
    375 F. Supp. 3d 1317 (Ct. Int'l Trade 2019) ......................................................................9

*Hutchison Quality Furniture, Inc. v. United States*,
    827 F.3d 1355 (Fed. Cir. 2016)..........................................................................................10

*Nasatka v. Delta Sci. Corp.*,
    58 F.3d 1578 (Fed. Cir. 1995)............................................................................................13

*Nucor Corp. v. United States*,
    296 F. Supp. 3d 1276 (Ct. Int'l Trade 2018) ......................................................................3

*Protestant Mem'l Med. Ctr., Inc. v. Maram*,
    471 F.3d 724 (7th Cir. 2006) .............................................................................................17

*Royal Bus. Machs., Inc. v. United States*,
    1 CIT 80, 507 F. Supp. 1007 (1980), *aff'd*, 669 F.2d 692 (CCPA 1982)...............................19

*Steel Co. v. Citizens For A Better Env't*,
    523 U.S. 83 (1998).............................................................................................................9

*Tenn. Gas Pipeline Co. v. FPC*,
    606 F.2d 1373 (D.C. Cir. 1979).........................................................................................13

*Tokyo Kikai Seisakusho, Ltd. v. United States*,
    529 F.3d 1352 (Fed. Cir. 2008).........................................................................................18

## <u>TABLE OF AUTHORITIES (cont'd)</u>

**Cases (cont'd)**                                                                                    **Page(s)**

*Wuxi Seamless Oil Pipe Co., Ltd. v. United States,*
   35 CIT 769, 780 F. Supp. 2d 1337 (2011) ..............................................................................10

**Statutes**

19 U.S.C. § 1581(i) ......................................................................................................................8

19 U.S.C. § 1675(a) ...................................................................................................................14

19 U.S.C. § 1675(b) ....................................................................................1, 5, 11, 13, 19

19 U.S.C. § 1675(b)(2)(A) ....................................................................................................8, 14

19 U.S.C. § 1675(b)(3)(A) .........................................................................................................13

19 U.S.C. § 1675(c) ..........................................................................................4, 8, 12, 13

19 U.S.C. § 1675(c)(1) ....................................................................................................8, 13, 14

19 U.S.C. § 1675(c)(5)(A) .........................................................................................................14

19 U.S.C. § 1675(c)(5)(C) .........................................................................................................14

19 U.S.C. § 1675a(a)(7) ...............................................................................................................6

19 U.S.C. § 1677(24) ...................................................................................................................2

**Regulations**

19 C.F.R. § 207.45(c) .................................................................................................................13

**Federal Register Notices**

81 Fed. Reg. 67,962 (Oct. 3, 2016) .............................................................................................3

**Constitutions and Legislative Materials**

U.S. Constitution, article III ................................................................................................12, 13

H.R. Conf. Rep. No. 1156, 98th Cong., 2d Sess. 182 (1984), *reprinted in* 1984
   U.S.C.C.A.N. 5220 ................................................................................................................19

H.R. Doc. No. 103–316, vol. 1 (1994), *reprinted in* 1994 U.S.C.C.A.N. 4040 ...........................16

## TABLE OF AUTHORITIES (cont'd)

**Rules**                                                                 **Page(s)**

USCIT R. 12(b)(1) ...................................................................................1, 9, 10, 20

USCIT R. 12(b)(6) ................................................................................1, 8, 9, 10, 20

USCIT R. 12(h)(3) ...........................................................................................................9

**Treatises**

3A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FED. PRAC. &
     PROC. § 3533.2 (3d ed. 2008)......................................................................................14

3A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FED. PRAC. &
     PROC. § 3533.2 (2d ed. 1984) ......................................................................................14

Pursuant to Rules 12(b)(1) and 12(b)(6) of the rules of this Court, defendant, the United States International Trade Commission ("Commission" or "ITC"), respectfully requests that the Court dismiss the complaint filed by plaintiff, Ereğli Demir Ve çelik Fabrikalari T.A.ş. ("Erdemir") for lack of subject-matter jurisdiction due to mootness, or, in the alternative, for failure to state a claim upon which relief may be granted.

## I.      INTRODUCTION

In this action, Erdemir challenges the Commission's decision denying Erdemir's request to institute a review pursuant to section 751(b) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1675(b) ("changed circumstances review") of its original injury determination in the antidumping investigation involving certain hot-rolled steel flat products ("hot-rolled steel") from Turkey.  *Hot-Rolled Steel Flat Products From Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a Section 751(b) Review or Reconsideration Proceeding Concerning the Commission's Affirmative Determination in Investigation No. 731-TA-1296 (Final), Hot-Rolled Steel Flat Products From Turkey*, 87 Fed. Reg. 73,331 (Nov. 29, 2022) (PR356) (**Exhibit A**) ("Final Decision").[1]  The Court should dismiss Erdemir's complaint because the issues raised therein were rendered moot when the Commission determined to conduct a full five-year ("sunset") review of the antidumping duty order on hot-rolled steel from Turkey.  In the alternative, the Court should dismiss Erdemir's complaint because it fails to state a claim upon which relief may be granted.

## II.     FACTUAL BACKGROUND

This appeal involves the Commission's original determinations in the antidumping and

---

[1] Citations to the public record are indicated by "PR," referring to list number 1 on the index of the administrative record.

countervailing duty investigations involving hot-rolled steel from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom. *Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom*, Inv. Nos. 701-TA-545-547 and 731-TA-1291-1297 (Final), USITC Pub. 4638, at 3 (Sep. 2016) (PR81) (**Exhibit B**) ("Original Final Determination").  In the final phase of these investigations, the Commission determined that hot-rolled steel imports from Turkey found by the U.S. Department of Commerce ("Commerce") to be subsidized accounted for less than three percent of total hot-rolled steel imports once Commerce assigned a final *de minimis* subsidy margin to Turkish exporter Çolakoğlu Dis Ticaret A.Ş. ("Colakoglu"). *Id*. at 1, 12-13; *see* 19 U.S.C. § 1677(24). Consequently, the Commission determined that subsidized imports from Turkey were negligible and terminated its countervailing duty investigation of imports from Turkey.  Original Final Determination, at 1, 12-13 (Exhibit B).

The Commission further determined that subject imports from Turkey found by Commerce to be sold in the United States at less than fair value (i.e., "LTFV" or "dumped") were not negligible.  *Id.* at 12-13.  In reaching this determination, the Commission observed that because hot-rolled steel imports from Colakoglu remained subject to the antidumping duty investigation, the volume of hot-rolled steel imports from Turkey subject to that investigation was 7.4 percent of total imports during the relevant period, and therefore those imports were above negligible levels.  *Id*. at 13.  The Commission then analyzed the subject products on a cumulated basis, in which it cumulated dumped imports from Turkey with subject imports from Australia, Brazil, Japan, Korea, the Netherlands, and the United Kingdom.  *Id*. at 17-21.  The Commission determined that an industry in the United States was materially injured by reason of cumulated subject imports.  *Id*. at 43-47, 52.  Following this determination, Commerce issued

antidumping duty orders on hot-rolled steel from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom.  81 Fed. Reg. 67,962 (Oct. 3, 2016).

Nucor Corporation ("Nucor"), one of the six domestic steel producers that filed petitions in the hot-rolled steel investigations, appealed the Commission's negligibility determination involving subsidized imports from Turkey.[2]  On February 28, 2018, this Court affirmed the Commission's negligibility determination.  *Nucor Corp. v. United States*, 296 F. Supp. 3d 1276, 1294 (Ct. Int'l Trade 2018).  Erdemir participated in that judicial proceeding as defendant-intervenor, but it did not file its own appeal or challenge any aspect of the Commission's negligibility determinations.  *Id.*  No respondent interested party appealed the Commission's affirmative injury determination concerning dumped imports from Turkey.

On the other hand, Erdemir and Colakoglu appealed Commerce's final antidumping determination involving Turkey.  On April 13, 2020, this Court affirmed Commerce's redetermination, on remand, of a *de minimis* dumping margin for Colakoglu, resulting in the latter's exclusion from the antidumping duty order on hot-rolled steel from Turkey effective April 23, 2020.  *Eregli Demir ve Çelik Fabrikalari T.A.S. v. United States*, 435 F. Supp. 3d 1378, 1380 (Ct. Int'l Trade 2020).  The United States and the six petitioners in the underlying investigations, participating as defendant-intervenors, filed appeals of the Court's decision in the U.S. Court of Appeals for the Federal Circuit.  The United States and defendant-intervenors subsequently requested voluntary dismissal of their appeals, which the Federal Circuit granted in December 2020 and June 2021.  *Eregli Demir ve Celik Fabrikalari T.A.S. v. United States*, No.

---

[2] AK Steel Corporation, ArcelorMittal USA LLC., and the United States Steel Corporation ("U.S. Steel"), also petitioners in the underlying investigations, participated in Nucor's appeal as plaintiff-intervenors.  SSAB Enterprises, LLC ("SSAB") and Steel Dynamics, Inc. ("SDI") were the other two petitioners in the hot-rolled steel investigations.

20-1999, Mandate Order (Fed. Cir. Dec. 18, 2020); *Eregli Demir ve Celik Fabrikalari T.A.S. v. United States*, No. 20-2003, Mandate Order (Fed. Cir. June 4, 2021), *docketed in* Ct. No. 16-000218, ECF No. 161 (Ct. Int'l Trade June 4, 2021).

While litigation was still pending, Erdemir filed two letters with the Commission in 2020, dated May 18 and July 22.[3]  In its May 2020 letter, Erdemir stated that it "asks that the Commission reconsider its determination that a domestic industry is materially injured by reason of HRS from Turkey sold in the United States at {LTFV}."  Erdemir ITC Request for Reconsideration, at 5-7 (May 2020) (PR1) (**Exhibit C**).  Specifically, Erdemir requested that the Commission reopen the 2016 investigation and consider as "new information" Commerce's remand exclusion of Colakoglu from the antidumping duty order concerning Turkey.  As an aside, Erdemir noted that the purported "new information" could also instead be considered via a changed circumstances review.  In its July 2020 letter, Erdemir renewed its request for a reconsideration proceeding or, in the alternative a changed-circumstances review, and argued that the proceedings pending before the Federal Circuit should not render its request premature.  Letter in Support of Request for Reconsideration, at 1-3 (July 2020) (PR2) (**Exhibit D**).

On September 1, 2021, as required by the antidumping statute, 19 U.S.C. § 1675(c), the Commission instituted sunset reviews of the hot-rolled steel antidumping and countervailing duty orders, including the antidumping duty order on hot-rolled steel from Turkey.  *Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Russia, Turkey, and the United Kingdom; Institution of Five-Year Reviews*, 86 Fed. Reg. 49,057 (Sept. 1, 2021) (PR5) (**Exhibit E**).

_____

[3] Erdemir incorrectly avers in its complaint that it filed both letters in 2021.  Compl. ¶¶ 21, 23 (Dec. 26, 2022) (ECF 4).

On September 10, 2021, Erdemir filed a letter with the Commission formally requesting that the Commission institute a changed circumstances review of the order on hot-rolled steel from Turkey.  Request for Commission Changed Circumstances Review Pursuant to 19 U.S.C. § 1675(b) (Sept. 10, 2021) (PR18) (**Exhibit F**) ("Erdemir Changed Circumstances Review Request").[4]  In its request, Erdemir argued that Commerce's exclusion of Colakoglu from the antidumping duty order concerning Turkey "cannot effectively be considered in the sunset review currently underway, because specific imports data from the original investigation will not be part of the sunset review record."  *Id.* at 8 (footnote omitted).

On December 2, 2021, the Commission published a notice inviting comments from the public on whether changed circumstances existed sufficient to warrant the institution of a changed circumstances review.  *Hot-Rolled Steel Flat Products from Turkey; Request for Comments Regarding the Institution of a Section 751(b) Review Concerning the Commission's Affirmative Determination*, 86 Fed. Reg. 68,512 (Dec. 2, 2021) (PR105) (**Exhibit G**).  The Commission received comments from the government of the Republic of Turkey, Erdemir, and domestic interested parties Cleveland-Cliffs, Inc., Nucor, SSAB, SDI, and U.S. Steel (collectively, "Domestic Producers").

On December 6, 2021, the Commission determined to conduct full sunset reviews of the hot-rolled steel orders, including the antidumping duty order on hot-rolled steel from Turkey.  *Notice of Commission Determination to Conduct Full Five-Year Reviews; Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Russia, Turkey, and the United*

---

[4] Although Erdemir alternatively requested a changed circumstances review in its two prior, premature, letters, nowhere in those letters did it attempt to lay out the criteria necessary to meet its burden of persuasion under 19 U.S.C. § 1675((b)(3)(A).  In any event, as discussed *infra,* the actual timing of Erdemir's request for a changed circumstances review does not change the fact that the request became moot on December 6, 2021, when the Commission determined to conduct a full sunset review.

*Kingdom*, 87 Fed. Reg. 3,123 (Jan. 20, 2022) (PR116) (**Exhibit H**).  In those reviews, Erdemir continued to press its argument that, by way of a changed circumstances review or reconsideration proceeding, the Commission should find that dumped imports from Turkey were negligible in the original investigation because Colakoglu was not subject to the antidumping duty order.  Erdemir also argued that the Commission should reverse its original negligibility determination involving dumped imports from Turkey in the sunset reviews.  *Hot-Rolled Steel from Australia, Brazil, Japan, Netherlands, Russia, South Korea, Turkey, and the United Kingdom*, Inv. Nos. 701-TA-545-546 and 731-TA-1291-1297 (Review), and 731-TA-808 (Fourth Review), USITC Pub. 5380, at 26 n.132 (Nov. 2022) (PR355) (**Exhibit I**) ("Sunset Review Determination").  The Commission conducted a public hearing on September 15, 2022, where interested parties provided testimony and answered specific questions from Commissioners pertaining, among other things, to Erdemir's request for a changed circumstances review or reconsideration proceeding.  Comm'n Hr'g, at 82-90, 336-41 (Sept. 15, 2022) (PR315) (**Exhibit J**).

On November 25, 2022, the Commission issued final determinations in its sunset reviews.  *Hot-Rolled Steel from Australia, Brazil, Japan, Netherlands, Russia, South Korea, Turkey, and the United Kingdom*, 87 Fed. Reg. 74,167 (Dec. 2, 2022) (PR357) (**Exhibit K**).  The Commission analyzed subject hot-rolled steel imports from Turkey on a cumulated basis with subject imports from Australia, Japan, the Netherlands, South Korea, Russia, and the United Kingdom.  Sunset Review Determination at 26-67 (Exhibit I); *see* 19 U.S.C. § 1675a(a)(7).  Based on this examination, the Commission determined that revocation of the antidumping duty orders on hot-rolled steel from Australia, Japan, Netherlands, Russia, South Korea, Turkey, and the United Kingdom and the countervailing duty order on hot-rolled steel from Korea would be

likely to lead to continuation or recurrence of material injury to an industry in the United States within a reasonably foreseeable time.[5]  Sunset Review Determination at 1, 84-100, 107 (Exhibit I).  Commerce then published notices continuing the respective orders on subject imports from each of the countries that the Commission had cumulated.  *See* 87 Fed. Reg. 78,642 (Dec. 22, 2022).

In its Sunset Views, the Commission indicated that it would address Erdemir's request for a changed circumstances review or reconsideration proceeding outside of the sunset reviews. Sunset Review Determination at 48 n.298 (Exhibit I).  Accordingly, on November 29, 2022, the Commission published notice of its Final Decision denying Erdemir's requests for a changed circumstances review or reconsideration proceeding.  Final Decision, 87 Fed. Reg. 73,331 (Exhibit A).

In its Final Decision, the Commission explained that it determined not to institute a changed circumstances review of the antidumping order concerning Turkey because it would be duplicative of the sunset reviews.  *Id.*  The Commission also explained that it determined not to exercise its authority to undertake a reconsideration of its original negligibility analysis in its antidumping investigation concerning Turkey in view of a lack of fraud or other facts supportive of extraordinary circumstances warranting reconsideration of past action by the Commission.  *Id.*

On December 26, 2022, Erdemir filed three appeals in this Court, challenging, respectively, the Commission's Sunset Review Determination (No. 22-351); the portion of the

---

[5] The Commission, however, exercised its discretion not to cumulate imports from Brazil with those from the other subject countries, and determined that revocation of the antidumping and countervailing duty orders on imports from Brazil would not be likely to lead to continuation or recurrence of injury within a reasonably foreseeable time.  Sunset Review Determination at 1, 66-67, 100-107 (Exhibit I). Commerce therefore revoked the orders on hot-rolled steel from Brazil.  87 Fed. Reg. 78,642 (Dec. 22, 2022).

Commission's Final Decision not to institute a changed circumstances review (No. 22-350); and

the portion of the Commission's Final Decision not to institute a reconsideration proceeding (No.

22-349). We explain below why this Court should dismiss Erdemir's complaint in No. 22-350

regarding the denial of its request to institute a changed circumstances review.[6]

## III.   SUMMARY OF ARGUMENT

Erdemir's complaint should be dismissed as it seeks to litigate a matter that was rendered

moot when the Commission determined to institute full sunset reviews of the hot-rolled steel

orders on Turkey, *et al*. pursuant to 19 U.S.C. § 1675(c). In so doing, the Commission gave

Erdemir the equivalent of a changed circumstances review, namely a full review to determine

whether revocation of the antidumping order on imports from Turkey would be "likely to lead to

continuation or recurrence of dumping and of material injury" to the domestic industry.

*Eveready Battery Co., Inc. v. United States*, 23 CIT 896, 898-904, 77 F. Supp. 2d 1327, 1328-

1334 (1999) (comparing 19 U.S.C. § 1675(b)(2)(A) with 19 U.S.C. § 1675(c)(1)).

If the Court does not agree that Erdemir's claim became moot because of the

Commission's determination to conduct full sunset reviews of the hot-rolled steel orders on

Turkey *et. al*, then, alternatively, the Commission contends that the Court should dismiss this

action under USCIT Rule 12(b)(6). Specifically, a changed circumstances review — which is

prospective in nature — does not authorize the Commission to reanalyze its findings from the

original determination or to revisit its negligibility determination in the original hot-rolled steel

---

[6] As the Commission noted in its Answer filed in Case No. 22-349, it intends to argue during briefing of that case that the Court lacks jurisdiction under 19 U.S.C. § 1581(i) over Erdemir's complaint concerning the reconsideration request. *See* ITC Answer, at 3, in *Eregli Demir ve Celik Fabrikalari T.A.S. v. U.S. Int'l Trade Comm'n, et al.*, No. 22-349 (Ct. Int'l Trade Feb. 24, 2023) (ECF 36). Case No. 22-351, concerning Erdemir's challenge to the Commission's sunset review determination, is pending before Judge Katzmann.

antidumping investigation involving Turkey, let alone to issue a retroactive termination of that investigation.  Consequently, the claim and relief requested in this action are not only moot, but Erdemir, moreover, has failed to state a claim upon which relief can be granted.

## IV.    ARGUMENT

### A.    Standard of Review

#### 1.    Standard of Review Pursuant to USCIT Rule 12(b)(1)

Subject matter jurisdiction is "the legal authority of a court to hear and decide a particular type of case." *Am. Nat. Fire Ins. Co. v. United States*, 30 CIT 931, 937, 441 F. Supp. 2d 1275, 1283 (2006) (internal quotation omitted).  The Court's determination of subject matter jurisdiction is a threshold inquiry.  *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94-95 (1998).  "It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof."  *CR Indus. v. United States*, 10 CIT 561, 562 (1986).  Furthermore, pursuant to USCIT Rule 12(h)(3), "{i}f the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."  *See also Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States,* 38 CIT 813, 816, 986 F. Supp. 2d 1381, 1384 (2014) (recognizing that an action can be dismissed for lack of subject matter jurisdiction at any time).

#### 2.    Standard of Review Pursuant to USCIT Rule 12(b)(6)

Although a plaintiff need not plead detailed facts, the complaint "must contain sufficient factual material to 'state a claim to relief that is plausible on its face.'"  *Husteel Co., Ltd. v. United States*, 375 F. Supp. 3d 1317, 1321 (Ct. Int'l Trade 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If the allegations do not plausibly entitle plaintiff to relief even if true, dismissal of the complaint is appropriate under USCIT Rule 12(b)(6).  *See Twombly*,

9

550 U.S. at 558.  Further, "allegations in a complaint must rest on a plausible legal theory to survive a motion to dismiss for failure to state a claim." *Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1361 n.4 (Fed. Cir. 2016) (citing *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425-26 (2014)).

Although courts will primarily consider the allegations in a complaint when considering a motion to dismiss, courts may also consider "facts . . . in documents appended to the complaint or incorporated in the complaint by reference, and to matters for which judicial notice may be taken.'" *See Wuxi Seamless Oil Pipe Co., Ltd. v. United States*, 35 CIT 769, 770, 780 F. Supp. 2d 1337, 1339 (2011) (quoting *Asahi Seiko Co., Ltd. v. United States*, 33 CIT 1693, 1698 (2009)).

When deciding a motion to dismiss based upon either lack of subject matter jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6), this Court assumes that all undisputed facts alleged in the complaint are true and must "draw all reasonable inferences in the plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).  But the Court should not abide plaintiff's efforts to blur the line between facts and legal conclusions.  *Gulf Coast Mar. Supply, Inc. v. United States*, 867 F.3d 123, 133 (D.C. Cir. 2017) ("'{W}e do not assume the truth of legal conclusions, nor do we accept inferences that are unsupported by the facts set out in the complaint.'") (quoting *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015)).

### B.    Relevant Statutory Provisions

In this action, Erdemir challenges the Commission's denial of its request for the Commission to conduct a changed circumstances review.  The relevant statutory provisions addressing a request for the Commission to conduct a review of a final affirmative antidumping determination based on changed circumstances provide as follows:

**(b) Reviews based on changed circumstances**

(1) In general

Whenever the administering authority or the Commission receives information concerning, or a request from an interested party for a review of--
a final affirmative determination that resulted in an antidumping duty order under this subtitle or a finding under the Antidumping Act, 1921, or in a countervailing duty order under this subtitle or section 1303 of this title
                                    ***
which shows changed circumstances sufficient to warrant a review of such determination or agreement, the administering authority or the Commission (as the case may be) shall conduct a review of the determination or agreement after publishing notice of the review in the Federal Register.

(2) Commission review

In conducting a review under this subsection, the Commission shall--
(A) in the case of a countervailing duty order or antidumping duty order or finding, determine *whether revocation of the order or finding is likely to lead to continuation or recurrence of material injury*
                                    ***
(3) Burden of persuasion

During a review conducted by the Commission under this subsection--
(A) the party seeking revocation of an order or finding described in paragraph (1)(A) shall have the burden of persuasion with respect to whether there are changed circumstances sufficient to warrant such revocation.

19 U.S.C. § 1675(b) (emphases added).

In the Commission's view, as discussed below, Erdemir's challenge is rendered moot in light of the Commission's institution and conducting of its full sunset review of the same antidumping duty order.  The relevant statutory provisions pertaining to sunset reviews provide as follows:

**(c) Five-year review**

(1) In general
Notwithstanding subsection (b) and except in the case of a transition order defined in paragraph (6), 5 years after the date of publication of--
(A) a countervailing duty order (other than a countervailing duty order to which subparagraph (B) applies or which was issued without an affirmative determination of injury by the Commission under section 1303 of this title), an antidumping duty order, or a notice of suspension of an investigation, described in subsection (a)(1)

\*\*\*

the administering authority and the Commission shall conduct a review to determine, in accordance with section 1675a of this title, *whether revocation of the countervailing or antidumping duty order* or termination of the investigation suspended under section 1671c or 1673c of this title *would be likely to lead to continuation or recurrence of dumping or a countervailable subsidy (as the case may be) and of material injury*.

19 U.S.C. § 1675(c) (emphases added).

## C.   Plaintiff's Complaint is Moot for Lack of an Ongoing Case or Controversy

Erdemir claims that the Commission's Final Decision denying its request for a changed circumstances review is unsupported by substantial evidence and not in accordance with law. Compl. ¶ 37.  Erdemir asks the Court to declare that the Commission's Final Decision was in violation of law, and to remand the matter to the Commission to conduct a changed circumstances review.  Compl. at Prayer for Relief ¶¶ 1-3.  In so doing, Erdemir seeks to litigate a matter that was rendered moot when the Commission determined to institute full sunset reviews of the hot-rolled steel orders on Turkey *et. al.*

Pursuant to Article III of the Constitution, the Court "may only adjudicate actual, ongoing controversies."  *Honig v. Doe*, 484 U.S. 305, 317 (1988); *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) ("The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power

depends upon the existence of a case or controversy."); to satisfy the "case or controversy" requirement of Article III, "there must exist 'a present, live controversy . . . to avoid advisory opinions on abstract propositions of law.'" *Am. Spring Wire Corp. v. United States*, 6 CIT 122, 123-24, 569 F. Supp. 73, 74-75 (1983) (quoting *Tenn. Gas Pipeline Co. v. FPC*, 606 F.2d 1373, 1379 (D.C. Cir. 1979)).

Put differently, "'{t}he test for mootness. . . is whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation).'" *Nasatka v. Delta Sci. Corp.*, 58 F.3d 1578, 1580 (Fed. Cir. 1995) (quoting *Air Line Pilots Ass'n Int'l v. UAL Corp.*, 897 F.2d 1394, 1396 (7th Cir. 1990)).  When a case has become moot, there no longer exists a case or controversy, and the Court lacks subject matter jurisdiction. *Acrilicos v. Regan*, 9 CIT 442, 446, 617 F. Supp. 1082, 1085 (1985); *3V, Inc. v. United States*, 23 CIT 1047, 1049-50, 83 F. Supp. 2d 1351, 1353-54 (1999).

In denying Erdemir's request for a changed circumstances review, the Commission considered the similarity of applicable legal standards between changed circumstances undertaken pursuant to 19 U.S.C. § 1675(b) and sunset reviews conducted pursuant to 19 U.S.C. § 1675(c), as well as the corresponding burdens on the agency and market participants to participate in parallel reviews.[7]  The Final Decision explains, in this regard, that conducting a

---

[7] The only differences between the two types of reviews, concerning the basis for instituting each review and timing, are immaterial to Erdemir's challenge.  Regarding institution, a changed circumstances review requires the party seeking revocation to satisfy its burden of persuasion that the institution of such review is warranted, whereas the institution of a sunset review is required by statute.  Compare 19 U.S.C. § 1675(b)(3)(A) with 19 U.S.C. § 1675(c)(1). Regarding timing, the statute does not provide for a specific timeline for completion of changed circumstances reviews.  The Commission rules, however, indicate that such reviews "shall be instituted by notice published in the *Federal Register* and shall be completed within 180 days of the date of such publication."  19 C.F.R. § 207.45(c).  For sunset reviews, if Commerce makes a

changed circumstances review at the same time as a full sunset review would be unwarranted because it would be duplicative of the sunset review.  87 Fed. Reg. 73,332 (Exhibit A).

The Commission correctly concluded based on the statute and governing caselaw that a full sunset review accorded Erdemir all of the relief it would have obtained by institution of a changed circumstances review.[8]  Hence, this appeal is rendered moot.  *See Eveready*, 23 CIT at 898, 77 F. Supp. 2d at 1329 (citing 3A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FED. PRAC. & PROC. § 3533.2, at 238 (2d ed. 1984)).[9]  The Court explained in *Eveready* that the standard applied by the Commission in a sunset review is the same as that applied in a changed circumstances review, namely, to determine whether revocation of the antidumping order on hot-rolled steel from Turkey is "likely to lead to continuation or recurrence of material injury" to the domestic industry.  23 CIT at 898, 77 F. Supp. 2d at 1330 (comparing 19 U.S.C. § 1675(b)(2)(A) with 19 U.S.C. § 1675(c)(1)).  In conducting either a changed circumstances or sunset review, the Commission "is required to consider the same factors, namely, the likely volume of imports, price effects, and impact of imports of the subject merchandise on the {domestic} industry if the order is revoked."  *Id*. (citing 19 U.S.C. § 1675(a)).  Just as the

---

final affirmative determination, the Commission ordinarily issues its final determination within 360 days after institution, unless it extends the deadline by not more than 90 days in reviews that it deems "extraordinarily complicated."  19 U.S.C. § 1675(c)(5)(A) & (c)(5)(C).

[8] As was the case in *Eveready*, even though Erdemir's request for changed circumstances was made before institution of a full sunset review, a pending changed circumstances request will be rendered moot once the full sunset review is instituted.  *See Eveready*, 77 F. Supp. 2d at 1328-29.  *See also DeFunis*, 416 U.S. at 319 (an actual case or controversy must exist at all stages of review, not simply when the action was filed).

[9] A more recent version of Wright & Miller is consistent with this.  *See, e.g.*, 3A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FED. PRAC. & PROC. § 3533.2, at 806 (3d. ed. 2008) ("{A}ction by the defendant that simply accords all the relief demanded by the plaintiff may have the same effect as settlement or offer of settlement."); *see id*. at 818 ("{I}f full relief is accorded by another tribunal – whether judicial, administrative, arbitral, or a combination – a proceeding seeking the same relief is moot.") (citations omitted).

ongoing sunset review of the antidumping duty order at issue in *Eveready* provided the same relief as the changed circumstances review sought by the plaintiff there, so too was the relief available from the changed circumstances review requested here duplicative of any relief that could have been obtained from the sunset review.

As the Court observed in *Eveready*:

> The purpose of both reviews is to determine whether revocation of an antidumping order is likely to lead to a continuation or recurrence of material injury, and in making this determination, the statute provides that the Commission will consider the same criteria. If the court found that ITC should conduct a changed circumstances review, the court would simply be ordering the ITC to do that which it has already done by initiating a full sunset review. Nothing would be gained by the institution of a changed circumstances review.

*Eveready*, 23 CIT at 903-04, 77 F. Supp. 2d at 1334.[10] Accordingly, the Court granted the Commission's renewed motion to dismiss Eveready's complaint on grounds of mootness. *Id*.[11] Respectfully, we urge the Court to do the same in this case.

In its Final Decision, the Commission relied on the reasoning of *Eveready* to ultimately determine that Erdemir's request for a changed circumstances review was moot. Final Decision, 87 Fed. Reg. 73,332 (Exhibit A). Erdemir asserts that in so doing, the Commission ignored Erdemir's arguments that the changed circumstances review would not be duplicative of the ongoing sunset reviews, that negligibility can be examined in a changed circumstances review,

---

[10] The Court further explained that unlike in a sunset review, the party seeking revocation would have the burden of persuasion in a changed circumstances review. The Court noted that "{t}his difference makes a sunset review more favorable to {the party seeking revocation} than a changed circumstances review." *Eveready*, 23 CIT at 899, 77 F. Supp. 2d at 1330.

[11] A few months earlier, the Court denied without prejudice a previous motion by the Commission to dismiss Eveready's appeal on grounds of mootness because, at that point, the Commission had not yet made its adequacy determination. The Commission later renewed its motion to dismiss Eveready's complaint after determining to conduct full sunset reviews of the underlying orders. *Eveready*, 23 CIT at 897, 77 F. Supp. 2d at 1328-29.

and that the Statement of Administrative Action accompanying the Uruguay Round Agreements Act ("URAA") explicitly contemplates the possibility of a changed circumstances review "on the basis of recalculations by Commerce of the dumping margin in the original investigation, if the party seeking such review establishes that it is warranted."  Compl. ¶ 32 (citing H.R. Doc. No. 103–316, vol. 1, at 851 (1994), *reprinted in* 1994 U.S.C.C.A.N. 4040, 4184 ("SAA")).  Yet in the paragraph preceding this assertion, Erdemir appears to acknowledge, correctly, that the Commission's Final Decision addressed each of Erdemir's arguments in turn, including its argument based on the SAA, albeit to Erdemir's dissatisfaction.  Compl. ¶ 31.  *See also* Final Decision, 87 Fed. Reg. 73,332–33 (Exhibit A).

Accordingly, contrary to Erdemir's assertion, the Commission did not ignore any of the arguments raised by Erdemir in support of its request for a changed circumstances review. Rather, in its Final Decision the Commission explained its rejection of Erdemir's arguments for a changed circumstances review.  *See* Final Decision, 87 Fed. Reg. at 73,332–33. Moreover, the Commission has already, in the sunset review, conducted the identical legal analysis that the statute provides for when conducting a changed circumstances review.  Indeed, in its sunset determination, the Commission thoroughly addressed the exclusion of Colakoglu's imports from the antidumping duty order.  *See, e.g.*, Sunset Review Determination at 12-13, 45–48.

Finally, it should be noted that the Commission explained, in its Final Decision, that Erdemir had an opportunity to obtain the relief it was ultimately seeking in this action by timely filing an appeal of the Commission's injury determination concerning dumped imports from Turkey and moving to stay that appeal until its challenge of Commerce's final antidumping determination was resolved.  Final Decision, 87 Fed. Reg. 73,333 (Exhibit A).  Erdemir failed to avail itself of this opportunity.  *Id*.  Erdemir's prior litigation decisions do not prevent this matter

16

from being moot.  *See, e.g.*, *Protestant Mem'l Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 731 (7th Cir. 2006) ("We have declined to determine that a controversy falls under the 'capable of repetition, yet evading review' exception when it is the plaintiff's procedural missteps that prevent judicial review.").

Accordingly, the Court should dismiss Erdemir's complaint as moot.

**D.    In the Alternative, Plaintiff's Complaint Fails to State a Claim Upon Which Relief May be Granted**

Erdemir asserts that the Commission "has the authority to conduct a changed circumstances review for purposes of retroactive correction of errors in the AD negligibility determination in the original {hot-rolled steel} investigations."  Compl. ¶ 37.  This assertion is incorrect.  The Commission is unable to provide any retroactive relief in a changed circumstances review because, as this Court in *Eveready* observed, "there is no retroactive provision when the Commission revokes an order pursuant to a changed circumstances review." 23 CIT at 899 n.6, 77 F. Supp. 2d at 1330 n.6.  The Commission in a changed circumstances review cannot make retroactive redeterminations or corrections in the hot-rolled steel antidumping investigation involving Turkey, let alone terminate or issue a negative injury determination with respect to that investigation. Therefore, the Court cannot provide Erdemir with any meaningful relief.  *Id.*, *see also* Compl. at Prayer for Relief ¶ 3.

As the Commission explained in its Final Decision, a changed circumstances review involves changes that pertain to the period *after* an antidumping or countervailing duty order is in place.  Final Decision, 87 Fed. Reg. 73,332 (Exhibit A).  In other words, a changed circumstances review means just that—circumstances that have "changed" since the original investigation.  Such reviews are not intended to provide an opportunity for the Commission to reexamine findings made in its original determinations, including its original negligibility

determinations.  *Id.*

The Federal Circuit has explained that changed circumstances reviews are "intended to facilitate the review of certain determinations when the circumstances have changed sufficiently from the time that the determination was originally made such that it may no longer be appropriate." *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008).  In *Tokyo Kikai*, Commerce had characterized its proceeding as a "changed circumstances review," but the Federal Circuit indicated that Commerce's proceeding was actually a reconsideration proceeding.  *Id.*  From the Federal Circuit's perspective, based upon the agency's inherent power to reconsider its decisions, Commerce had reconsidered an administrative review because "circumstances that led to the determination have 'changed' only because the true circumstances, previously concealed by fraud, have come to light." *Id.*

Erdemir's asserted changed circumstance does not pertain to the period after the antidumping duty order on imports from Turkey was imposed.  Rather, by Erdemir's own admission, its asserted changed circumstance goes to the import data that the Commission originally relied upon for its negligibility calculation.  Erdemir Changed Circumstances Review Request at 7 (Exhibit F).  Erdemir simply contended that reliance on these data for "the threshold negligibility question" would have made the remaining injury analysis "irrelevant."  Erdemir Comments on Initiation of Changed Circumstances Review, at 15 (Jan. 3, 2022) (PR109) (**Exhibit L**).[12]

---

[12] Irrespective of the hypothetical possible outcome if Colakoglu had been excluded from the original investigation, the Commission explained in its sunset determination that the United States now remains an attractive export market for subject producers in Turkey, including one who is adding capacity. Sunset Review Determination at 47 (Exhibit I).  Erdemir will have the opportunity to challenge the Commission's "likelihood" analysis in its pending appeal from the Commission's sunset determination in *Eregli Demir ve Celik Fabrikalari T.A.S. v. ITC* (No. 22-351).

As the Commission explained in its Final Decision, Erdemir failed to avail itself of the opportunity to timely file an appeal of the Commission's original determination, a step which would have preserved its ability to seek the relief it now requests. *See Final Decision*, 87 Fed. Reg. 73,333 (Exhibit A).  At this juncture, that lost opportunity cannot be reclaimed.

Further, we are aware of no instance in which the Court has ordered the Commission to make factual corrections to the record of an underlying investigation through a changed circumstances review, let alone reverse an affirmative antidumping or countervailing duty injury determination leading to termination of an order through such review.  Rather, the Court has previously explained that "a request for review of an affirmative injury determination and the resultant review investigation are premised upon an underlying finding of injury from dumping or subsidization which is entitled to deference and should not be disturbed lightly."  *Avesta AB v. United States*, 12 CIT 493, 500, 689 F. Supp. 1173, 1180 (1988).  *See also Royal Bus. Machs., Inc. v. United States*, 1 CIT 80, 87 n.18, 507 F. Supp. 1007, 1014 n.18 (1980) ("The very strict controls on administrative review of prior determinations, found in 19 U.S.C. § 1675(b), are another good indication that Congress did not want these determinations to remain in a state of flux."), *aff'd*, 669 F.2d 692 (CCPA 1982); H.R. Conf. Rep. No. 1156, 98th Cong., 2d Sess. 182 (1984), *reprinted in* 1984 U.S.C.C.A.N. 5220, 5299 ("{A} section 751 review does not begin from an entirely neutral starting point.").  Moreover, this Court has stated that, in a review investigation, the Commission should begin with the assumption that dumping will resume if the antidumping order at issue is revoked.  *Am. Permac, Inc. v. United States*, 831 F.2d 269, 274 (Fed. Cir. 1987).  Accordingly, even if Erdemir had duly substantiated its changed circumstances request, the review and any potential relief would have been prospective, just as the sunset review was.  A changed circumstances review is not a vehicle for the Commission to reanalyze

its negligibility findings from an original determination.

Thus, even if the Court does not agree that Erdemir's claim is moot, the Court should dismiss Erdemir's complaint pursuant to Rule 12(b)(6), as it fails to state a claim upon which relief can be granted.

## V.    CONCLUSION

For the foregoing reasons, the Commission respectfully requests that this Court dismiss Erdemir's complaint in its entirety because the Court does not possess jurisdiction to decide Erdemir's claim pursuant to USCIT Rule 12(b)(1), and because Erdemir's complaint fails to state a claim upon which relief can be granted pursuant to USCIT Rule 12(b)(6).

Respectfully submitted,

Dominic L. Bianchi
General Counsel

*/s/ Andrea C. Casson*
Andrea C. Casson
Assistant General Counsel for Litigation

*/s/ Ravi D Soopramanien*
Michael K. Haldenstein
Ravi D. Soopramanien
Attorney-Advisors
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3002
ravi.soopramanien@usitc.gov

*Attorneys for Defendant United States International Trade Commission*

Dated: May 18, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedures 2(B)(1) and 2, I hereby certify that the attached

**DEFENDANT'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM** contains

6,152 words, according to the word-count function of the word processing system used to

prepare this motion and memorandum  (Microsoft Office 365 ProPlus).

*/s/ Ravi D. Soopramanien*
Ravi D. Soopramanien
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3002
Facsimile: (202) 205-3111
ravi.soopramanien@usitc.gov

Date: May 18, 2023

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş., | |
| **Plaintiff,** | |
| **v.** | **Court No. 22-00350** |
| UNITED STATES INTERNATIONAL TRADE COMMISSION, | |
| **Defendant,** | |
| **and** | |
| UNITED STATES STEEL CORPORATION, et. al., | |
| **Defendant-Intervenors.** | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss and Supporting Memorandum, and any and all responses and replies thereto, it is hereby

ORDERED that Defendant's Motion to Dismiss the Complaint is Granted; and it is further

ORDERED that this action is dismissed pursuant to U.S. Court of International Trade Rule 12(b).

_____
JUDGE

Date: _____, 2023
    New York, New York